1
2
3
4
5
6
7

8       **UNITED STATES DISTRICT COURT**

9       **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  JACOB BARNETT, | ) Case No.: 1:14-cv-00529-JLT |
| 12           Petitioner, | ) |
| | ) FINDINGS AND RECOMMENDATIONS TO |
| 13     v. | ) DISMISS PETITION FOR WRIT OF HABEAS |
| | ) CORPUS FOR LACK OF JURISDICTION (Doc. 1) |
| 14  RON DAVIS, Warden, | ) |
| | ) ORDER DIRECTING THAT OBJECTIONS BE |
| 15           Respondent. | ) FILED WITHIN 21 DAYS |
| | ) |
| 16 | ) ORDER DIRECTING CLERK OF THE COURT TO |
| 17 _____ | ) ASSIGN DISTRICT JUDGE TO CASE |

18          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on April 15, 2012.  (Doc. 1).  In

20  his petition, Petitioner explains that in 2004, he was sentenced to a determinate sentence of 16 years

21  by the Stanislaus County Superior Court.  (Doc. 1 at 2)  The sentence resulted from a conviction

22  stemming from of a violation of what was then California Penal Code § 190 (voluntary manslaughter).

23  The petition, however, does not challenge either Petitioner's conviction or sentence of imprisonment;

24  rather, Petitioner challenges only the trial court's imposition of a restitution fine, pursuant to state law,

25  in the amount of $ 3,200.  (Doc. 1, p. 9).  Petitioner seeks an order from this Court reducing his

26  restitution amount to $200.  (Id., p. 27).

27                                    **DISCUSSION**

28          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A preliminary review of the Petition establishes that the Court lacks habeas jurisdiction to proceed.  Accordingly, the petition should be dismissed.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).

The "in custody" requirement is jurisdiction for a federal habeas court.  Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects.  First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed."  Baily, 599 F.3d at 978-979, *quoting* Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005).   For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists.  Id. at 979.  In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, this first aspect of the "in custody" requirement is not satisfied.

The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.

Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law.  It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement.  What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

Baily, 599 F.3d at 980. (Citations omitted).

2

1   In <u>Baily</u>, the petitioner, as here, challenged only his restitution fine.  After the above

2 discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of
> § 2254(a), to his custody.  While [petitioner's] liberty has been severely restrained by his
> conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or
> alteration of a money judgment, does not directly impact–and is not directed at the source of
> the restraint on–his liberty.  If successful, [petitioner] could reduce his liability for restitution
> but would still have to serve the rest of his custodial sentence in the same manner; his remedy
> would affect only the fact or quantity of the restitution that he has to pay to the victim.
> [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the
> Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his
> custody is unlawful.  That he is in physical custody while attacking the restitution order is
> insufficient to confer jurisdiction over his habeas petition.

9 <u>Baily</u>, 599 F.3d at 981.

10   Here, as mentioned previously, Petitioner does not challenge any aspect of his 2004 conviction

11 in the Stanislaus County Superior Court, nor does he challenge in any way the resulting prison

12 sentence.  His only complaint is that the $ 3,200 restitution fine is excessive and should be reduced to

13 $ 200 because the sentencing judge did not take into account Petitioner's lack of ability to pay.

14   While Petitioner was clearly in the physical custody of Respondent at the commencement of

15 these proceedings, and while he remains in custody of Respondent at this time, such physical custody

16 is insufficient to confer habeas jurisdiction on this Court under these circumstances.  <u>Baily</u>, 599 F.3d

17 at 981; <u>United States v. Thiele</u>, 314 F.3d 399, 400 (9th Cir. 2002)(finding challenge to restitution fine

18 not cognizable on habeas).   In the absence of any challenge to Petitioner's conviction and sentence,

19 the required nexus between the claim raised in the petition and the unlawfulness of Petitioner's

20 custody is absent.  <u>Id</u>.

21   Petitioner argues that <u>United States v. Smith</u>, 944 F.2d 618 (9th Cir. 1991), requires that a

22 sentencing judge consider a defendant's ability to pay.  (Doc. 1, p. 12).  Petitioner also cites cases

23 from other circuits for the proposition that an order of restitution must be based on "some evidence the

24 defendant may be able to pay the amount fixed when required to do so…." (<u>Id</u>.).

25   First, Petitioner's reliance upon <u>Smith</u> is misplaced.  It appears that Petitioner has erroneously

26 conflated federal and state law.  <u>Smith</u> involved a *federal* defendant in *federal* court on *federal* charges

27 and subject to *federal* rules and statutes regarding the imposition of restitution fines, not, as here, a

28 <u>state</u> defendant in <u>state</u> court on <u>state</u> criminal charges and <u>subject</u> to state restitution laws.  Thus, in

3

1    <u>Smith</u>, the Ninth Circuit was addressing only the *federal* requirements for imposing restitution in

2    federal cases.  <u>Smith</u> provides no basis on which to challenge Petitioner's <u>state</u> restitution order.

3    Petitioner's reliance on cases from other circuits suffers from the same infirmity, and, in any event,

4    this Court is bound only by Ninth Circuit precedent which, in this instance, means the rule set out in

5    <u>Baily</u>. Petitioner does not cite, and the Court is unaware of, any binding federal precedent from either

6    the Ninth Circuit or the Supreme Court that would permit this Court to have habeas jurisdiction over a

7    petition challenging only a state inmate's restitution order imposed by a state court under state laws.

8    Accordingly, absent habeas jurisdiction, the Court cannot proceed and the petition should be

9    **DISMISSED**.  <u>Id</u>.

**<u>ORDER</u>**

11   Therefore, the Court HEREBY ORDERS as follows:

12   1.       The Clerk of the Court is DIRECTED to assign this case to a United States District

13            Judge.

**<u>RECOMMENDATION</u>**

15   For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of

16   habeas corpus (Doc. 1), be DISMISSED for lack of habeas jurisdiction.  This Findings and

17   Recommendations is submitted to the United States District Court Judge assigned to this case,

18   pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for

19   the United States District Court, Eastern District of California.  Within twenty-one (21) days after

20   being served with a copy, any party may file written objections with the Court and serve a copy on all

21   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

22   Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days

23   (plus three days if served by mail) after service of the objections.  The Court will then review the

24   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

25   ///

26   ///

27   ///

28

4

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2014**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE